PETTEE & *a. v.* DUSTIN.

A pledge of goods by a mortgagor to a mortgagee, subsequent to the mortgage, without fraud of either party, and accompanied by delivery and an open change of possession, will protect the mortgagee against a subsequent attachment, although the mortgage is fraudulent as against the mortgagor's creditors.

REPLEVIN, for a stock of goods. The plaintiffs, having a mortgage of a stock of goods, which, by their permission, the mortgagors had been selling in the usual course of business, without any accounting, with the mortgagors' consent, took possession of the goods with other goods of the mortgagors not mortgaged, and made an agreement with one of the mortgagors that he should sell the goods and pay the proceeds to the plaintiffs. Subsequently, while the business was being conducted according to the agreement, the defendant attached the goods on a writ against the mortgagors, and the plaintiffs replevied them. The defendant claimed that the plaintiffs' possession of the goods was under a mortgage fraudulent as to the mortgagors' creditors, and gave the plaintiffs no rights against the attachment. The jury found an open change of possession of the goods from the mortgagors to the mortgagees. A verdict was ordered for the plaintiffs, and the defendant excepted.

*G. C. Bartlett*, for the plaintiffs.

*C. R. Morrison* and *Osgood*, for the defendant.

ALLEN, J. The possession of the goods by the plaintiffs was on a distinct agreement with the mortgagors that they should be held until the plaintiffs' claim was paid. There was no element of actual fraud in the transaction ; and the finding of the jury, that the change of possession was open and visible, rebutted the presumption of constructive fraud. Had the plaintiffs taken possession of the goods merely under and by virtue of their mortgage, the doctrine of *Janvrin* v. *Fogg*, 49 N. H. 340, 351, that possession under a fraudulent mortgage does not protect the possessor against a subsequent attachment of the mortgagor's creditors, would be applicable to this case. But the plaintiffs having a pledge of the goods, accompanied by delivery and an open change of possession, and made by a distinct agreement subsequent to and independent of the mortgage, their right was superior to that acquired by a subsequent attachment of the mortgagors' creditors, and the defendant's claim cannot prevail.

*Judgment on the verdict.*

STANLEY, J., did not sit.